In the Matter of CHARLES FREMONT WILLIS, to Vacate a Sale for an Assessment, Etc.

*Assessment — will be set aside because of the inclusion of illegal (excessive) interest, however small its amount.*

An application was made to vacate the sale of a lot for the non-payment of an assessment upon the ground that the amount of the latter was unlawfully increased by the addition of illegal interest. It appeared that the excessive interest amounted to one dollar and arose from charging interest from November 1, 1869, the date of the confirmation of the assessment, instead of from March 31, 1870, the date of the entry of the assessment in the record of titles of assessments confirmed, kept in the office of the street commissioner, and in a like record kept in the office of the clerk of arrears.
*Held,* that the assessment should be vacated.

APPEAL from an order made at the Special Term denying the prayer of the petitioner to have a sale of his land for the non-payment of an assessment vacated upon the ground that illegal interest was included in the amount for which the lot was sold.

*Moody B. Smith,* for the petitioner, appellant.

*D. J. Dean,* for the City of New York, respondent.

DAVIS, P. J.:

The only question in this case is whether the inclusion of excessive interest upon the assessment vitiates a sale. The excess included is the sum of one dollar and it arose from charging interest on the

amount from the date of confirmation, namely, from November 1, 1869, to the day of the sale for non-payment thereof, instead of from the 31st day of March, 1870, which is the date of the entry of the assessment in the record of titles of assessments confirmed, and kept in the office of the street commissioner, and a like record in the office of the clerk of arrears. Chapter 579 of the Laws of 1853, section 6, provides that "no assessment for any improvement shall hereafter be deemed to be fully confirmed, so as to be due and be a lien upon the property included in it, until the title thereof with the date of confirmation shall have been entered with the date of such entry in a record of the titles of assessments to be kept in the street commissioner's office, and which may be used as an index to a record of assessments; and until the title of the said assessment shall have been also entered, with the date of confirmation and the date of such entry, in a record of the titles of assessments confirmed to be kept in the office of the clerk of arrears."

A precisely analogous question was presented to this court *In the Matter of Austin*, and it was held that a sale for any sum of interest unauthorized rendered the sale illegal.

The same point now presented by the counsel for the respondent, to wit, that the maxim *de minimis non curat lex* is applicable was distinctly overruled. This is not a case of a mere mistake in the computation of interest to which the maxim referred to must properly be applied, but one in which a sum for interest was charged without lawful authority and when no right existed.

Upon the authority of the decision of this court *In re Austin* (MS. opinion *Per Curiam*, May term, 1880) the order should be reversed and an order made vacating the sale, but under the circumstances without costs.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed.